## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN FERGUSON,** | CIVIL NO. 1:CV-10-02638 |
| **Plaintiff** | (Judge Rambo) |
| v. | |
| **T.R. SNIEZEK,** *et al.*, | |
| **Defendants** | |

## **O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the court is Plaintiff John Ferguson's motion for reconsideration of the court's order denying his motion to appoint counsel. (Doc. 49.) Upon consideration thereof and for the reasons set forth below, the motion (Doc. 49) will be denied and Plaintiff will be directed to file a brief in opposition to the pending motion to dismiss or, in the alternative, for summary judgment.

Plaintiff commenced this civil rights action with a counseled complaint filed on December 27, 2010. (Doc. 1.) In his complaint, Plaintiff asserts claims of inadequate medical care by a number of employees of the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill") in Minersville, Pennsylvania and the Bureau of Prisons ("BOP").

By order dated January 3, 2011, the court directed service of the complaint on all Defendants named therein. (Doc. 5.) On July 18, 2011, Defendants Ask-Carlson, Christeleit, BOP, Rush, Sniezek, and Steffan filed a motion to dismiss and for summary judgment. (Doc. 20.) A brief in support and statement of facts were filed on August 5, 2011. (Docs. 30 & 31.) Pursuant to M.D. Pa. Local Rule 7.6, Plaintiff had fourteen (14) days from the service of Defendants' motion and brief to file a brief in opposition to the motion. Plaintiff failed to file any opposition within that time period. Therefore, by order dated September 7, 2011, the court directed him to file a brief in opposition on or before September 20, 2011. (Doc. 33.) The order also forewarned that if Plaintiff failed to comply with the order, the court would deem the motion to dismiss unopposed and dismiss the actions without a merits analysis. (*Id.*)

On September 21, 2011, Plaintiff's counsel, Larrick Stapleton, Esquire, filed a motion for an extension of time to file a response to the motion to dismiss and for summary judgment. (Doc. 36.) By order dated September 21, 2011, the court granted the motion and directed Plaintiff to file a brief in opposition on or before October 4, 2011. (Doc. 37.) Prior to that date, Attorney Stapleton filed a motion to defer judgment on Defendants' motion to dismiss and for summary judgment, (Doc. 39), and a motion to withdraw as Plaintiff's counsel, (Doc. 40). By order dated October 3,

2011, the court granted the motions. (Doc. 41.) Specifically, the court granted Attorney Stapleton leave to withdraw as counsel, and afforded Plaintiff until November 15, 2011, to acquire new counsel and have new counsel enter an appearance on his behalf. (*Id.*) Importantly, the court noted that if new counsel was not obtained, Plaintiff would be deemed to be proceeding *pro se*. (*Id.*) Further, the court granted Plaintiff an extension of time to December 15, 2011, to file his brief in opposition to the pending motion to dismiss and for summary judgment. (*Id.*) The court noted that this deadline takes into account Plaintiff's possible *pro se* status and also gives any new counsel ample time to for a response. (*Id.*) It also declared that the deadline would not be extended absent extraordinary circumstances. (*Id.*)

Following the issuance of this order, Plaintiff filed a motion to appoint counsel on October 18, 2011. (Doc. 43.) Because this motion was filed prior to the court's November 15, 2011, deadline for Plaintiff himself to acquire new counsel, the court denied Plaintiff's motion to appoint counsel as premature. (Doc. 46.) After the November 15, 2011, deadline passed, Plaintiff filed the instant motion for reconsideration of the court's order denying as premature his motion to appoint counsel. (Doc. 49.) In this motion, Plaintiff claims that Attorney Stapleton mistakenly asserted that Plaintiff was attempting to acquire new counsel when in fact

3

he was not because of financial constraints. (*See* Doc. 50.)  Thus, Plaintiff now asks the court to reconsider its order denying his motion to appoint counsel.

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to

reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying the standard used when a party seeks reconsideration, the court concludes that Plaintiff has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Clearly Plaintiff's motion to appoint counsel, filed on October 18, 2011, was premature in light of the court's order affording him until November 15, 2011, to acquire new counsel. Additionally, while Plaintiff claims that Attorney Stapleton mistakenly indicated to the court that Plaintiff was seeking to acquire new counsel, this fact alone does not warrant reconsideration of the court's order denying appointment of counsel. As previously stated, in the court's order granting the motion to withdraw as counsel and motion to defer judgment on Defendants' motion to dismiss and for summary judgment, Plaintiff was afforded until November 15, 2011, to acquire new counsel, and expressly informed that if counsel was not obtained, he

5

would be deemed to be proceeding *pro se*. (*See* Doc. 41.) Further, the court granted Plaintiff an extension of time to December 5, 2011, to file a brief in opposition to the motion, regardless of his potential *pro se* status. (*See id*.) Thus, as the court has already set forth in a previous order, Plaintiff is expected to proceed with or without counsel. Moreover, simply stated, it is not the province of this court to acquire new counsel for a plaintiff simply because his counsel withdraws his appearance.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1) The motion for reconsideration (Doc. 49) is **DENIED**.

2) Plaintiff shall file a brief in opposition to the pending motion to dismiss and for summary judgment, on or before January 30, 2012. No further extensions of time will be granted by the court absent extraordinary circumstances.

                         s/Sylvia H. Rambo
                         SYLVIA H. RAMBO
                         United States District Judge

Dated: December 29, 2011.