IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN FERGUSON,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-10-02638** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **T.R. SNIEZEK,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Before the court is a motion to substitute party, filed by Pamela Varnam, a an individual who is neither a party to this action, an attorney,[1] nor an individual with a personal stake in the outcome of the captioned action that was brought by Plaintiff John Ferguson, a former federal inmate who is now deceased.  (Doc. 78.) The motion, filed by Ms. Varnam, who alleges that she is an "attorney-in-fact" for Plaintiff's son, Christopher Ferguson, by virtue of an executed power of attorney, (*see* Doc. 81, Power of Attorney), seeks to substitute Christopher Ferguson as a party for purposes of appealing this court's July 30, 2013 memorandum and order that granted summary judgment in favor of Defendants, various officials and medical providers at Plaintiff's former place of confinement, the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania ("FCI-Schuylkill").[2]  For the reasons set forth below, the motion to substitute party (Doc.

---

[1] In her declaration filed on January 21, 2014, Ms. Varnam asserts "I am not an attorney at law."  (Doc. 77 ¶ 25.)

[2] At the time of summary judgment, the properly named Defendants in this action were T.R. Sniezek, former Warden; Kim Ask-Carlson, former Associate Warden; Kevin Christeleit,

78) will be stricken.

## I.    Background

On December 27, 2010, Plaintiff, through counsel, filed an action, asserting

*Bivens* claims and related claims under the Federal Tort Claims Act ("FTCA").

(Doc. 1.)  In the complaint, Plaintiff alleged that Defendants were deliberately

indifferent to his serious medical needs related to his cataracts in both eyes, which

resulted in the aggravation of his anxiety disorder.  On July 18, 2011, Defendants

filed a motion to dismiss and for summary judgment.  (Doc. 20.)  After several

extensions and other delays,[3] on July 30, 2013, the court granted summary

judgment in favor of Defendants and directed the Clerk of Court to close the case.

---

case manager; Joseph Rush and David N. Steffan, Physician's Assistants; and the Federal Bureau of Prisons.

[3] After Defendants filed their brief in support of the motion to dismiss and for summary judgment on August 5, 2011, (Doc. 31), on September 7, 2011, the court directed Plaintiff's counsel to file a brief in opposition on or before September 20, 2011, (Doc. 33).  On September 21, 2011, Plaintiff's counsel filed a motion to enlarge the opposition deadline.  (Doc. 36.)  The court granted Plaintiff's motion that same day and directed Plaintiff to file his opposition by October 4, 2011.  (Doc. 37.)  On September 26, 2011, Plaintiff filed a *pro se* motion to defer judgment on Defendants' dispositive motion due to his counsel's lack of response to the court orders and deadlines.  (Doc. 39.)  On September 30, 2011, Plaintiff's counsel filed a motion to withdraw.  (Doc. 40.)  By order dated October 3, 2011, the court granted the motion to withdraw and set the following deadlines: November 15, 2011, for Plaintiff to obtain new counsel; and December 5, 2011, to file his opposition to Defendants' dispositive motion.  (Doc. 41.)  After an additional three enlargements of time, Plaintiff filed his opposition to Defendants' dispositive motion on the same day that the court entered an order closing the case due to Plaintiff's failure to file a timely opposition.  (Docs. 61 & 63.)  Plaintiff filed a motion for reconsideration, (Doc. 69), which the court granted by order dated May 17, 2012, (Doc. 71).  After Defendants filed their reply brief, (Doc. 74), the court granted summary judgment in favor of Defendants by memorandum and order dated July 30, 2013, (Doc. 75).

(Doc. 75.)  Plaintiff did not timely file an appeal and, unfortunately, died on October 4, 2013.  (*See* Doc. 80 ¶ 8.)

On January 21, 2014, Ms. Varnam filed the instant motion for substitution of proper party and brief in support thereof (Docs. 78 & 79), a suggestion of death for Plaintiff John Ferguson (Doc. 80), a durable power of attorney on behalf of Christopher Ferguson (Doc. 81), and two declarations (Docs. 77 & 82).  In her filings, Ms. Varnam informs the court that Plaintiff died on October 4, 2013.  On April 8, 2014, the court directed Defendants to respond to the motion to substitute. (Doc. 84.)  Defendants have responded, (*see* Doc. 86), Ms. Varnam has replied, (Doc. 90), and Defendants have filed a sur-reply, (Doc. 94).  Thus, the motion to substitute party is now ripe for disposition.

## II.   Discussion

The instant motion has been brought pursuant to Rule 25(a) of the Federal Rules of Civil Procedure and the Pennsylvania Survival Statute by a non-attorney, Ms. Varnam.  (Doc. 78.)  Defendants have responded with filings addressing the merits of Ms. Varnam's motion.  (Docs. 86 & 94.)  However, the court need not reach the merits of the instant fundamentally flawed motion.

Federal law provides that "parties may plead and conduct their own cases personally or by counsel as, by the rules of [federal] courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.  It is well

3

established that the statutory right to proceed *pro se* applies *only* to a party in his or her own right, and not to non-attorneys who attempt to appear on behalf of individuals other than themselves. *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012); *In re Radogna*, 331 F. App's 962, 964 (3d Cir. 2009); *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991).

The execution and filing of a durable power of attorney, presumably executed in the matter *sub judice* pursuant to 20 Pa. C.S. § 5602(a)(20), does not authorize a non-attorney to litigate on behalf of another. It is settled Pennsylvania law that the unlicenced, in-court representation of another is considered engaging in the prohibited practice of law and that a power of attorney does not overcome that prohibition. *See Harris v. Philadelphia Police Dep't*, Civ. No. 06-cv-2192, 2006 WL 3025882, *2 (E.D. Pa. Oct. 20, 2006) (citing *Kohlman v. Western Pa. Hosp.*, 652 A.2d 849, 852-53 (Pa. Super. Ct. 1994) (rejecting claim that an agent authorized to act for a *pro se* litigant may bring suit for that person as contrary to the constitution, the laws, and the public policy of Pennsylvania))); *accord Osei-Afriyie*, 937 F.2d at 882-83 (holding that parent and guardian could not litigate *pro se* on behalf of his children); *Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear *pro se* on behalf of the grantor."); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (concluding that an "attorney-in-fact" for daughter was not permitted to litigate *pro se* on daughter's behalf). A duly executed power of attorney may

4

empower Ms. Varnam to pursue claims and litigation on behalf of Christopher Ferguson. *See* 20 Pa. C.S. § 5602(a)(20).  However, that power does not extend to authorize her to litigate on behalf of another, that is to practice law. *See Harris*, 2006 WL 3025882 at *2.  While the power of attorney may operate to confer certain authority under state law, it does not allow Ms. Varnam, a non-attorney, to represent Plaintiff's purported successor in federal court.  Rather, Christopher Ferguson must appear through counsel or proceed *pro se*.

## III.   Conclusion

Because Ms. Varnam is not permitted to represent Mr. Christopher Ferguson *pro se* in federal court due to her status as a non-attorney, or "attorney-in-fact," the court will strike the motion to substitute party.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  June 26, 2014.

5