IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN FERGUSON,** | : | |
| Plaintiff | : | CIVIL NO. 1:CV-10-02638 |
| v. | : | (Judge Rambo) |
| **T.R. SNIEZEK,** *et al.*, | : | |
| Defendants | : | |

## **MEMORANDUM**

Before the court is a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, filed by Plaintiff John Ferguson's son, Christopher Ferguson. (Doc. 102.) In the motion, Mr. Ferguson requests that the court vacate its June 26, 2014 memorandum and order (Docs. 96 & 97) striking the motion to substitute party, filed by Pamela Varnam, a non-attorney representative of Plaintiff. For the reasons that follow, the motion for relief from judgment (Doc. 102) will be denied.

## **I.    Background**

On December 27, 2010, Plaintiff, through counsel, filed this action, raising *Bivens* claims and related claims under the Federal Tort Claims Act ("FTCA"). (Doc. 1.) In the complaint, Plaintiff asserted that Defendants were deliberately indifferent to his serious medical needs related to his cataracts in both eyes and

resulting aggravation of his anxiety disorder. On July 18, 2011, Defendants filed a motion to dismiss and for summary judgment. (Doc. 20.) After several extensions and other delays,[1] on July 30, 2013, the court granted summary judgment in favor of Defendants and directed the Clerk of Court to close the case. (Doc. 75.) Plaintiff did not timely file an appeal and, unfortunately, died on October 4, 2013. (*See* Doc. 80 ¶ 8.)

On January 21, 2014, Ms. Varnam filed a motion for substitution of proper party (Doc. 78) with a supporting brief (Doc. 79), as well as a suggestion of death of Plaintiff John Ferguson (Doc. 80), a durable power of attorney (Doc. 81), and two declarations (Docs. 77 & 82). In her filings, Ms. Varnam informed the court that Plaintiff died on October 4, 2013. After the parties responded and replied to

---

[1] After Defendants filed their brief in support of the motion to dismiss and for summary judgment on August 5, 2011, (Doc. 31), on September 7, 2011, the court directed Plaintiff's counsel to file a brief in opposition on or before September 20, 2011, (Doc. 33). On September 21, 2011, Plaintiff's counsel filed a motion to enlarge the opposition deadline. (Doc. 36.) The court granted Plaintiff's motion that same day and directed Plaintiff to file his opposition by October 4, 2011. (Doc. 37.) On September 26, 2011, Plaintiff filed a *pro se* motion to defer judgment on Defendants' dispositive motion due to his counsel's lack of response to the court orders and deadlines. (Doc. 39.) Further, on September 30, 2011, Plaintiff's counsel filed a motion to withdraw. (Doc. 40.) Thereafter, by order dated October 3, 2011, the court granted the motion to withdraw and set the following deadlines: Plaintiff had until November 15, 2011 to obtain new counsel; and his opposition to Defendants' dispositive motion was due by December 5, 2011. (Doc. 41.) After three enlargements of time, Plaintiff filed his opposition to Defendants' dispositive motion on the same day that the court entered an order closing the case due to Plaintiff's failure to file a timely opposition. (Docs. 61 & 63.) Plaintiff filed a motion for reconsideration, (Doc. 69), which the court granted by order dated May 17, 2012, (Doc. 71). After Defendants filed their reply brief, (Doc. 74), the court granted summary judgment in favor of Defendants by memorandum and order dated July 30, 2013, (Doc. 75).

the motion, by memorandum and order issued on June 26, 2014, the court ordered the motion to substitute party stricken from the record. (Docs. 96 & 97) ("June 2014 order"). Specifically, the court found that the motion should be stricken because Ms. Varnam is not permitted to represent Mr. Christopher Ferguson *pro se* in federal court due to her status as a non-attorney, or "attorney-in-fact."

Thereafter, on April 8, 2015, Mr. Ferguson filed the instant motion for relief from judgment. (Doc. 102.) In the motion, Mr. Ferguson seeks to have the court vacate the June 2014 order striking the motion to substitute party and, instead, decide the motion to substitute on the merits. Defendants have filed a brief in opposition (Doc. 106), and Mr. Ferguson has filed a reply, (Doc. 109). Thus, the motion for relief from judgment (Doc. 102) is ripe for disposition.

## II. Discussion

Rule 60(b) provides, in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), no more than a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Further, the decision to grant or deny relief pursuant to Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981).

Initially, the court notes that the motion for relief from judgment is timely, as it was filed within ten (10) months after the entry of the order from which Mr. Ferguson now seeks relief, the June 2014 order. However, the instant 60(b) motion is improper. Mr. Ferguson argues that it was excusable neglect to miss the filing deadline for a motion to reconsider the court's June 2014 order striking the motion to substitute party because the Clerk of Court did not serve Ms. Varnam or Mr. Ferguson with the June 2014 order. While that may or may not be the case, a failure to serve either of these individuals with the court's June 2014 order would not cause the court to now grant relief to Mr. Ferguson on his Rule 60(b) motion. The reason for this is plain. Even if the court granted the relief Mr. Ferguson now

4

seeks, namely consideration of the motion to substitute on the merits, the only relief available to him would be for the court to reconsider the June 2014 order which struck the motion to substitute. Again, that motion to substitute was stricken based on the fact that Ms. Varnam is not an attorney and, therefore, is not entitled to act as an attorney or *pro se* for others in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978) (holding non-attorney is not authorized to act as an attorney for others in a federal court); *see also Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear *pro se* on behalf of the grantor."); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) ("attorney-in-fact" for daughter is not permitted to litigate *pro se* on her behalf). Rather, as the court stated in its June 2014 order, Mr. Ferguson would have to appear through counsel or proceed *pro se*. (*See* Doc. 96 at 5.) Based on this well-settled law, the court will deny Mr. Ferguson's 60(b) motion.

## III.     Conclusion

For the reasons set forth herein, the motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) will be denied. An appropriate order will issue.

                                               s/Sylvia H. Rambo
                                               United States District Judge

Dated: October 7, 2015.